TAYLOR CRANE v. RILL COX.

**Judgment—Rendered at same Term of Confession—Motion to Set Aside.**
    If a final judgment be rendered at the same term upon a confession
    on motion, the court should set it aside, and a refusal to do so
    is reversable error; but not erroneous on a non order of confession
    when the final judgment was not rendered until the succeeding term,
    and when no defense was presented.

**Misprisions—Judgment and Final Orders Corrected.**
    Sec. 579 Civ. Code, which authorizes the court, at a subsequent
    term, to correct its misprision, applies to judgments or final orders.

APPEAL FROM JEFFERSON CIRCUIT COURT. C. P.

September 18, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Although the order of confession was premature, the process not having been executed ten days before the commencement of that term, and should have been set aside on mere motion, which was made at the same term of the court, though more than three days had elapsed, yet as no final judgment was rendered until the succeeding term in May when defendant again moved to be permitted to file an answer which was overruled, we cannot say that the record presents any reversable error.

No answer seems to have been permitted, at least none appears in the record, hence, neither the court below nor this court could or can determine that the defendant had any real substantial defense, and, therefore, we cannot determine that any substantial injustice has been done the defendant, especially as there was an enquiry and jury to assess the damages, sworn immediately after the overruling his motion.

Had the confession at the previous term been set aside and no legal defense presented it would have resulted in another order of confession, without answer, hence, the most that can be said is that the premature order of confession was merely technically erroneous. The final judgment was not prematurely rendered, for it stood for trial at that term under any of the special acts ap-

plicable to the Jefferson Court of Common Pleas, process having been served over 15 days and also over 20 days before the term.

Had the final judgment been rendered at the same term of the confession, as it would have been premature, the court should have set it aside, and on refusal this court would have reversed, but not so on a non order of confession, when the final judgment was not rendered until the succeeding term and when no defense was then presented.

Sec. 579, Civ. Code, which authorizes the court at a subsequent term to correct its misprision, applies to *"judgments or final orders"* and section 580 designates the mode of proceeding to get the correction that is on "motion upon reasonable notice"; had notice and motion thereon regularly appeared, still unless answer and defense had been presented, no substantial benefit to the defendant would have been gained, as another order of confession would have been immediately entered.

Had a substantial defense appeared in this record, the whole aspect of the case would have been different.

Wherefore, the judgment is affirmed with damages.

*Bullitt, for appellant.*

*Bullock & Anderson, for appellee.*